UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01721-FLA (MRWx) | Date | April 14, 2021 |
| Title | Aliga Online, Inc. v. Discover Bank, et al. | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. Vallery | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND

### Ruling

Before the court is Plaintiff Aliga Online, Inc.'s ("Plaintiff" or "Aliga Online") Motion to Remand this action to state court. Dkt. 8-1 ("Mot"). Defendant Discover Bank ("Defendant" or "Discover Bank") opposes the Motion. Dkt. 15. The court found this matter appropriate for resolution without oral argument and vacated the hearing set for April 16, 2021. See Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES Plaintiff's Motion.

### Background

Defendant timely removed this action from the Los Angeles Superior Court ("LASC") on February 24, 2021. Dkt. 1. The Complaint alleges Plaintiff is a California corporation with its principal place of business in the County of Los Angeles, and Defendant is a Delaware corporation with its principal place of business in Massachusetts. Dkt. 1-1 ("Compl.") ¶¶ 1-2. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and complete diversity exists between the parties. Dkt. 1 at 1-2. Discover Bank asserts, however, that it is a Delaware state-chartered bank with its principal place of business in the state of Delaware, rather than Massachusetts. Id. at 2.

On February 27, 2021, Plaintiff filed the instant Motion to Remand, arguing for the first time that Discover Bank's principal place of business is in California because it has significant operations throughout the state. Mot. at 2-3. According to Plaintiff, complete diversity is lacking because both Plaintiff and Defendant have their principal places of business in California, and the court does not have subject matter jurisdiction. Id. at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01721-FLA (MRWx) | Date | April 14, 2021 |
| Title | Aliga Online, Inc. v. Discover Bank, et al. | | |

**<u>Discussion</u>**

**I.      Request for Judicial Notice**

In support of its opposition to Plaintiff's Motion, Defendant requests the court take judicial notice of (1) a copy of the Statement and Designation by Foreign Corporation filed with the Secretary of State of the State of California on July 26, 2011, and a screenshot of the Entity Detail for Discover Bank from the official website of the California Secretary of State retrieved on March 12, 2021 ("RJN Ex. A"); (2) a copy of the Entity Details for Discover Bank appearing on the Delaware Department of State: Division of Corporations official website, retrieved on March 12, 2021 ("RJN Ex. B"); and (3) a copy of the Institution Details for Discover Bank appearing on the Federal Deposit Insurance Corporation official website retrieved on March 12, 2021 ("RJN Ex. C").  Dkt. 16.  Plaintiff does not dispute the authenticity or content of these documents.  *See* Dkt. 18.

The court may take judicial notice of facts not subject to reasonable dispute because they are either: (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Under this standard, courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records."  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002) (emphasis in original).

A court may take judicial notice of documents available on government websites because the accuracy of the source cannot reasonably be questioned.  *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities).

Defendant's exhibits are judicially noticeable as government records.  *See Gerritsen*, 112 F. Supp. 3d at 1033.  The court, therefore, GRANTS Defendant's requests for judicial notice.

**II.     Motion to Remand**

    **A.     Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and the statutes enacted by Congress pursuant thereto.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  A civil action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01721-FLA (MRWx) | Date | April 14, 2021 |
| Title | Aliga Online, Inc. v. Discover Bank, et al. | | |

brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441.  A district court has jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332.  For diversity purposes, a corporation is a citizen of both its state of incorporation and its principal place of business, i.e., its "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters."  *Id.*  A corporation's nerve center "is a single place."  *Id.* at 93.

After removal, a plaintiff may challenge the allegations of the defendant's removal notice in either a "facial" or "factual" attack.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  *Id.* (internal quotation marks omitted).  On the other hand, a factual attack "contests the truth of the … factual allegations [regarding jurisdiction], usually by introducing evidence outside the pleadings."  *Id.*  The burden is on the defendant to prove the existence of jurisdictional facts by a preponderance of the evidence.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *see also Bashir v. Boeing Co.*, 245 F. App'x 574, 575 (9th Cir. 2007) ("Evidence outside the complaint and the removal notice may be consulted to determine if removal jurisdiction existed at the time of removal.").  A removed action must be remanded to state court if the federal court determines it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

    **B.**    **Application**

Plaintiff does not contest that Defendant is incorporated under the laws of Delaware, and instead factually attacks Defendant's jurisdictional allegations in the notice of removal by arguing Discover Bank's principal place of business is in California, not Delaware.  Mot. at 3-5.

The court finds Defendant has shown, by a preponderance of the evidence, that its principal place of business is in Delaware and that complete diversity exists between the parties.[1]  Defendant has submitted evidence its President and Chief Financial Officer are located in Delaware along with its only branch and headquarters, and that Discover Bank does not maintain any corporate office in California.  Dkt. 15-1 (Decl. of Jonathan Halling) ¶¶ 2-3; RJN Exs. A-C.  Under *Hertz*, Defendant's principal place of business is, therefore, in

---

[1] Plaintiff does not dispute it seeks $640,850.63 in general damages, therefore the amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.  Compl. Prayer ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01721-FLA (MRWx) | Date | April 14, 2021 |
| Title | Aliga Online, Inc. v. Discover Bank, et al. | | |

Delaware.

    Plaintiff argues Defendant's principal place of business must be decided under the Ninth Circuit's "place of operations test," which locates a corporation's principal place of business in the state which "contains a substantial predominance of corporate operations." *Id.* at 2 (citing *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) and *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)).  According to Plaintiff, Defendant is an online bank with significant operations and activities throughout the State of California, and Plaintiff submits evidence of several Discover Bank ATMs within Los Angeles County to support its argument that California is Defendant's principal place of business.  Mot. at 2-4; Dkt. 8-2.  But the "place of operations" test cited in *Tosco* and *Industrial Tectonics* was abrogated by the United States Supreme Court in *Hertz* and no longer reflects good law.  *Hertz*, 559 U.S. at 92-95 (recognizing a "nerve center" approach is simpler to apply than a more general business activities test, invites less litigation, and better reflects the statutory language and legislative history of 28 U.S.C. § 1332(c)(1)).

    Plaintiff also argues, without legal support, that Defendant cannot rely on evidence post-removal to establish its citizenship, if such evidence was not in the notice of removal. Mot. at 5-6.  The court disagrees.  The court may properly consider evidence Defendant has submitted in opposition to Plaintiff's Motion to Remand.  *See, e.g., Leite*, 749 F.3d at 1121-22 (explaining that after a plaintiff raises a factual attack on the defendant's jurisdictional allegations, the defendant must then support its allegations with competent proof); *Bashir v. Boeing Co.*, 245 F. App'x 574, 575 (9th Cir. 2007) (finding subject matter jurisdiction was proper after considering interrogatories answered four months after removal).

    Accordingly, the court has subject matter jurisdiction over this action based on the complete diversity of the parties, and Plaintiff's Motion is DENIED.

**Conclusion**

    Plaintiff's Motion to Remand is DENIED.  The case shall proceed before this court.

    IT IS SO ORDERED.

                                                                                                                                                              :

Initials of Preparer    vrv